# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STATE OF OHIO,<br>    Plaintiff/Respondent,<br><br>vs.<br><br>ABDUL ALVAR MUHAMMAD-BEY<br>CORP. SOLE,<br>    Defendant/Petitioner. | Case No. 1:18-cv-253<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner Abdul Alvar Muhammad-Bey Corp. Sole filed a pro se notice of removal of a state court criminal action to the United States District Court. (Docs. 1, 2).[1] This matter is before the Court for a sua sponte review of Mr. Muhammad-Bey's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3).

For the reasons that follow, the undersigned recommends this matter be dismissed and remanded to the Village of Elmwood Place, Ohio Mayor's court.

The notice of removal indicates that Mr. Muhammad-Bey was issued a traffic ticket by the Village of Elmwood Place Police Department. It appears Mr. Muhammad-Bey has a case pending in the Mayor's Court of the Village of Elmwood Place. He seeks dismissal of that action, alleging he is not subject to the "personal subject matter jurisdiction" of the court. Mr. Muhammad-Bey alleges the action against him should be dismissed for failure to state a claim

---

[1] The removal of a state court criminal proceeding under 28 U.S.C. § 1443 is not a "civil" action for purposes of the Court's filing fee under 28 U.S.C. § 1914, but rather a criminal action for which filing fees are not required. *See Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964). *See also Gober v. Georgia*, No. 1:06cv0728, 2006 WL 1042546, at *1 n.1 (N.D. Ga. April 17, 2006) (filing fees not required for removal of criminal action under § 1443) (citing *Lefton*); *State of N.M. v. Gutierrez*, 409 F. Supp.2d 1346, 1347 (D. N.M. 2006).

against him for the following reasons:

> The petitioner/defendant (sic) unalienable rights were violated; protected by 1851 Bill of Rights Section 14. The rights of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath, or affirmation, particularly describing the place, or places, to be searched, and the persons of things to be seized, violated.

(Doc. 2 at 3). Mr. Muhammad-Bey alleges the State of Ohio and Elmwood Police Department do not have standing to bring "this complaint action and there is no evidence to the contrary." (*Id.* at 5). The remainder of Mr. Muhammad-Bey's memorandum in support of his petition for removal is largely incomprehensible.

The petition for removal should be denied as this Court is precluded from adjudicating Mr. Muhammad-Bey's claims under the abstention doctrine formulated in *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, Mr. Muhammad-Bey's traffic case is currently pending in the Village of Elmwood Mayor's Court. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal case implicates important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for Mr. Muhammad-Bey to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal petitioner. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Mr. Muhammad-Bey possesses an adequate opportunity to raise any constitutional issues in his pending state court action or in a subsequent appeal should he be found guilty on his traffic ticket. Therefore, abstention under *Younger* is appropriate.

Nor has Mr. Muhammad-Bey alleged facts showing the existence of extraordinary circumstances barring abstention. Mr. Muhammad-Bey does not allege facts showing bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter. Thus, the petition for removal fails to establish the presence of extraordinary circumstances militating against the application of *Younger* abstention.

For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

Accordingly, the Court lacks subject matter jurisdiction over this case. Mr. Muhammad-Bey's petition for removal should be denied, this matter should be dismissed from the

docket of the Court, and the case should be remanded to the state court.

**IT IS THEREFORE RECOMMENDED:**

1. Mr. Muhammad-Bey's petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

Date: 4/18/18

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STATE OF OHIO,
    Plaintiff/Respondent,

vs.

ABDUL ALVAR MUHAMMAD-BEY
CORP. SOLE,
    Defendant/Petitioner

Case No. 1:18-cv-253
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).